IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG 17 PM 1:40

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| ANTHONY D. HAYES, | X X X | |
| Plaintiff, | X X | |
| vs. | X X | No. 05-2230-D/V |
| CITY OF MEMPHIS, et al., | X X | |
| Defendants. | X X X | |

---

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF PARTIAL DISMISSAL
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE AND EFFECT SERVICE ON REMAINING DEFENDANTS

---

Plaintiff Anthony D. Hayes filed a pro se complaint pursuant to, inter alia, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., on March 28, 2005, along with a motion seeking leave to proceed in forma pauperis and for appointment of counsel. The Court issued an order on June 6, 2005 directing the plaintiff, within thirty days, to file a properly completed in forma pauperis affidavit or pay the $250 civil filing fee. Plaintiff filed a new in forma pauperis affidavit on June 28, 2005. Based on the information set forth in the plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the defendants as Memphis Mayor W.W. Herenton; Memphis Director of Police Services Larry Godwin; Memphis Police Officer

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 8-18-05

Gray (IBM # 10590); the City of Memphis;[1] William Johnson, the mayor of West Memphis, Arkansas; Robert Paudert, Chief of Police Services for West Memphis, Arkansas; Mike Allen, the Assistant Chief of Police Services for West Memphis, Arkansas; the City of West Memphis, Arkansas;[2] Andre Deberry, the mayor of Holly Springs, Mississippi; Patricia Selman, the Chief of Police Services for Holly Springs, Mississippi; the City of Holly Springs, Mississippi;[3] and Katrina I. Hayes, the estranged wife of the plaintiff.

Subsequently, on May 31, 2005, plaintiff filed a document entitled "Special Pleading for Injunction and Judicial Estoppel," which attaches additional documents relevant to this action.

I.   Analysis of Plaintiff's Claims

The plaintiff is a former Memphis police officer. He previously filed a number of lawsuits against the City of Memphis and other parties that culminated in a settlement reached on January 20, 1999.[4] In exchange for a payment of $643,000, plaintiff agreed, inter alia, to resign from his employment with the Memphis

---

[1]   The Court construes the plaintiff's allegations against the "City of Memphis Police Department" as an attempt to assert a claim against the City of Memphis.

[2]   The Court construes the plaintiff's allegations against the "City of West Memphis Police Department" as an attempt to assert a claim against the City of West Memphis.

[3]   The Court construes the plaintiff's allegations against the "City of Holly springs, MS. Police Department" as an attempt to assert a claim against the City of Holly Springs.

[4]   Plaintiff's federal suits were Hayes v. City of Memphis, et al., No. 95-2969-Ml/V (W.D. Tenn. filed Dec. 5, 1995); Hayes v. City of Memphis, et al., No. 97-2197-Ml (W.D. Tenn. filed Mar. 5, 1997); and Hayes v. City of Memphis, et al., No. 98-2319-Ml (W.D. Tenn. filed Apr. 8, 1998).

Police Department and to release "all claims relating to, arising out of or in any way connected with the employment and/or termination of employment of [Plaintiff] by [Defendants]." Additionally, the defendants agreed "to provide a neutral reference to prospective employers of [Anthony Hayes] when such inquiry is made."

Since the settlement, plaintiff has filed other lawsuits against the City of Memphis and others in federal and state court. On June 27, 2000, plaintiff filed a suit against the City of Memphis and others alleging, <u>inter alia</u>, that the City breached the neutral reference provision of the settlement agreement and, as a result, the plaintiff has been unable to find unemployment with other, nearby, police departments. <u>Hayes v. City of Memphis, et al.</u>, No. 00-2560-Ml/A (W.D. Tenn.). The Court issued an order on November 4, 2002 granting summary judgment to the City on all claims with the exception of a claim that the City failed to provide a neutral reference to the Shelby County Sheriff's Department.[5] Subsequently, on July 31, 2003, the Court granted summary judgment for the City on the remaining claim. Judgment was entered on August 1, 2003. The United States Court of Appeals for the Sixth Circuit affirmed. <u>Hayes v. City of Memphis, et al.</u>, 108 Fed. Appx. 262 (6th Cir. Aug. 9, 2004).

On August 31, 2001, plaintiff filed an action against the City of Memphis in which he asserted that he was arrested and

---

[5] That summary judgment was based, in part, on issue preclusion due to a lawsuit the plaintiff filed in state court to enforce the neutral reference provision of the settlement agreement.

charged with a misdemeanor in retaliation for his previous protected activity. On September 1, 2001, District Judge Julia Smith Gibbons dismissed the case, sua sponte, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). Hayes v. City of Memphis, et al., No. 01-2695-G/A (W.D. Tenn.). Judgment was entered on September 20, 2001. Plaintiff's appeal was dismissed for want of prosecution. Hayes v. City of Memphis, No. 01-6266 (6th Cir. Nov. 30, 2001).

Plaintiff's latest complaint, which asserts claims against twelve parties in three states under numerous legal theories, is difficult to decipher. It appears that the plaintiff's wife, defendant Katrina Hayes, separated from him on September 3, 2000 and subsequently filed for divorce. On or about September 5, 2003, plaintiff asserted that he was served with an order of protection obtained by his estranged wife, which he asserts was unwarranted because she had not previously alleged any domestic abuse.

On or about October 15, 2003, in connection with an application he had previously filed, plaintiff interviewed with the West Memphis Police Department. Defendant Paudert allegedly told the plaintiff that he could not be hired because of the order of protection obtained by his estranged wife. Defendants Paudert and Allen allegedly stated that plaintiff would be assured of a position with the West Memphis Police Department if he were able to resolve the matter of the order of protection.

Plaintiff allegedly reapplied to the West Memphis Police Department on or about July of 2004. A Lieutenant Lawrence Vaughn

4

allegedly informed the plaintiff that his background was clear. Subsequently, on or about October 1, 2004, plaintiff learned that he would not be offered a position with the West Memphis Police Department because he had a bad reference.

Plaintiff also applied to the Holly Springs Police Department. During an interview in August, 2004, plaintiff was asked about his employment status and his previous employment with the Memphis Police Department. The complaint alleges, confusingly, that "[t]his inquiry just proved to the Plaintiff that the Defendant City of Memphis Police Department was still giving bad references on the Plaintiff, because of the request of Holly Springs, MS. Detectives about the Plaintiff's last employment status was revealed to plaintiff that he was fired."[6]

The complaint further alleges as follows:

9.  That since the resignation of the Plaintiff Hayes on January 20, 1999, the defendant City of Memphis has continued to give bad references. The plaintiff has felt that the Memphis Police Department through its agents has kept the Plaintiff Hayes under close surveillance as a common criminal, however on February 1, 2005 between the hours of 1930 hrs and 1950hrs [sic], the Plaintiff Hayes was traveling N/B on Milbranch signaling to go W/B on Finley. The Plaintiff did notice a Memphis Police Patrol Vehicle stopped in the S/B lane of Milbranch with a Red Chevy Tahoe.

10.  That when the Plaintiff Hayes proceeded to go W/B to Finley the Police Vehicle immediately made a U-turn in pursuit of the Plaintiff in the opposing N/B lane on Milbranch disrupting traffic to pursue the Plaintiff with no probable cause for a Traffic Violation. Officer Gray, IBM# 10590, a Delta Car unit stopped me at the intersection of W/B Finley at Graceland. The Plaintiff was not given a reason for the stop but was stopped for

---

[6]     In fact, plaintiff was not fired but resigned pursuant to the settlement agreement.

20 minutes waiting without being asked for DL or ID which seemed peculiar and strange to the Plaintiff because he violated no law or ordinance.

    11. That it is well to note that the Plaintiff had filed EEOC charges in the past and this harassment appeared intentional, direct and with no basis for probable cause for the Officer to stop the Plaintiff. The Plaintiff had been accused by several officers in the past of an allegation that was not true. Further the defendant City of Memphis wrote an affidavit that the Plaintiff had the propensity towards violence that was not true but with a sworn document produce it to the Appeals Court at Jackson, Tennessee. These repulsive acts and threats places the Plaintiff is in [sic] **continuous danger and fear of his life**. (Emphasis in original.)

The complaint purports to assert claims against each defendant pursuant to (i) Title VII for race discrimination and retaliation; (ii) 42 U.S.C. § 1981; (iii) and 42 U.S.C. § 1985; and against the City of Memphis and defendants Herenton and Godwin pursuant to 42 U.S.C. § 1986. Compl., pp. 8-10. In addition, the first page of the complaint also asserts that

Plaintiff also seeks compensatory, punitive and exemplary damages pursuant to EPA Act, the Fair Labor Standards Act pursuant to Title VII 42 U.S.C. Sections 1981, 1985, 1986, and 2000(e) [sic] et seq., for equal rights under the law, conspiracy, defamation, unlawful employment practices, unlawful detention and harassment.

The complaint seeks money damages.

The complaint in this action fails to comply with the Federal Rules of Civil Procedure. In particular, Fed. R. Civ. P. 8(a)(2) requires "[a] pleading which sets forth a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Likewise, Fed. R. Civ. P. 10(b) provides as follows:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . . Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters sets forth.

See also Fed. R. Civ. P. 8(e)(1) ("Each averment of a pleading shall be simple, concise, and direct.").

The complaint, as drafted, presents this Court with a management problem since "the pleading is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Directors of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444,446 (E.D. Tenn. 1975); see also Flayter v. Wisconsin Dep't of Corrections, 16 Fed. Appx. 507, 509 (7th Cir. Aug. 17, 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); Vicom v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a); noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); Plymale v. Freeman, No. 90-2202, 1991 WL 54882 (6th Cir. Apr. 12, 1991); Jennings v. Emry, 910 F.2d 1434, 1435 (7th Cir. 1990) ("A . . . complaint must be presented with intelligibility sufficient 'for a court or opposing party to understand whether a valid claim is presented and if so what it is.' . . . And it must be presented

with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding.") (citations omitted); Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988); Michaelis v. Nebraska State Bar Ass'n, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam); Gordon v. Green, 602 F.2d 743 (5th Cir. 1979); Windsor v. A Federal Executive Agency, 614 F. Supp. 1255 (M.D. Tenn. 1983) (ordering plaintiff to amend his complaint to comply with Rule 8).

Although the length of this complaint is not objectionable, it is extremely unclear. The complaint asserts numerous claims against twelve defendants, and the Court has been unable to enumerate each of the claims asserted and, with respect to each claim, identify the defendants against whom it is asserted. Moreover, certain factual allegations of the complaint appear to have no relation to any claim for relief. See, e.g., Compl., pp. 2 (the City of Memphis and defendant Katrina Hayes conspired to summon the plaintiff to Juvenile Court, an allegation that is not explained in the body of the complaint), 8 ("the defendant City of Memphis wrote an affidavit that the Plaintiff had propensity towards violence that was not true but with a sworn document produce it to the Appeals Court at Jackson, Tennessee," an apparent reference to an affidavit filed in state-court litigation that predated the plaintiff's resignation from the Memphis Police Department). Finally, the introduction to the complaint makes reference to various federal statutes and state tort claims without making clear whether or not the plaintiff is asserting a claim for

relief pursuant to those provisions and, if so, against which defendants. See supra p. 6.

If this were a paid complaint, the Court would order the plaintiff to amend his complaint to comply with the Federal Rules of Civil Procedure. Such a course is, however, unavailable when a Court is screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997). Under these circumstances, the appropriate course ordinarily is to dismiss the complaint without prejudice to the plaintiff's right to commence a new action concerning the same subject matter, so long as the new complaint is in compliance with the Federal Rules of Civil Procedure. In this case, however, that course would preclude this plaintiff from pursuing his Title VII claim against the City of Memphis, as the ninety-day statutory period has already expired. Accordingly, the Court will attempt to sever that claim from the remainder of the complaint, which is subject to dismissal without prejudice pursuant to Fed. R. Civ. P. 8(a)(2) and 10(b).

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Certain aspects of plaintiff's complaint are subject to dismissal.

As a preliminary matter, the complaint asserts no basis for jurisdiction over the plaintiff's Title VII claims against the City of West Memphis, Arkansas and the City of Holly Springs, Mississippi. Title VII contains its own venue provision, which provides as follows:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. <u>Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice</u>, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3) (emphasis added).

Venue over the plaintiff's Title VII claim against the City of West Memphis is only proper in the Eastern District of Arkansas, Jonesboro Division, 28 U.S.C. § 83(a)(5), and venue over the plaintiff's Title VII claim against the City of Holly Springs is only proper in the Northern District of Mississippi, Western Division, <u>id.</u>, § 104(a)(2).

Ordinarily, the Court would transfer the case to the district in which it should have been filed, pursuant to 28 U.S.C. § 1406(a), which states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall

> dismiss, or if it be in the interest of justice, transfer
> such case to any district or division in which it could
> have been brought.

That alternative is not available in this case, however, because the plaintiff has commingled in a single complaint claims against parties located in three states that have no connection to each other apart from the fact that they involve this plaintiff. Moreover, because of the extremely confusing way in which the complaint is drafted, it is not practical to sever the Arkansas claims and the Mississippi claims and transfer each to the appropriate judicial district.

As a preliminary matter, the Court does not have subject-matter jurisdiction over the plaintiff's Title VII claim against the City of Holly Springs. "In order for federal courts to have subject matter jurisdiction of [employment discrimination] claims, the claimant must first unsuccessfully pursue administrative relief." Ang v. Proctor & Gamble Co., 932 F.2d 540, 545 (6th Cir. 1991). Moreover, the plaintiff's complaint must be "limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." EEOC v. Bailey, 563 F.2d 439, 446 (6th Cir. 1977) (internal citations omitted). In dealing with pro se litigants, courts have tended to be more lenient in their assessment of what is contained in the charge and its relationship to the content of the complaint. As the Sixth Circuit explained:

> One reason for the expanded rule is that charges are
> frequently filed by lay complainants, and the courts
> recognize that subsequent actions should not be
> restricted by the failure of a complainant to attach the
> correct legal conclusion to the EEOC claim, conform to

11

procedural technicalities, or include "the exact wording which might be required in a judicial pleading."

Davis v. Sodexho, Cumberland College Cafeteria, 157 F.3d 460, 463 (6th Cir. 1998) (citation omitted); see also Ang, 932 F.2d at 546 (declining to broadly construe a Title VII charge because the plaintiff "was assisted by counsel throughout the administrative investigation. Liberal construction is not necessary where the claimant is aided by counsel in preparing his charge."). Thus, "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim. Davis, 157 F.3d at 463.

In this case, the complaint asserts that the plaintiff received right to sue letters with respect to the City of West Memphis and the City of Memphis, Compl., p. 2, but the complaint does not allege that the plaintiff exhausted his Title VII claim against the City of Holly Springs. Accordingly, plaintiff's Title VII claim against the City of Holly Springs is DISMISSED, pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3), for lack of subject-matter jurisdiction.

Moreover, the complaint, even broadly construed, does not state a Title VII claim against the City of West Memphis and the City of Holly Springs. Title VII prohibits an employer from discriminating against an employee on the basis of her race, color, sex, religion, or national origin. 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits an employer from retaliating against an employee

12

"because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." Id., § 2000e-3(a). The complaint in this case does not allege that the City of West Memphis and the City of Holly Springs failed to hire the plaintiff on account of his race or in retaliation for his previous discrimination complaints. Instead, the complaint asserts that plaintiff was not hired by these defendants because he received unfavorable references from the City of Memphis. Compl., ¶¶ 1-8. Those allegations do not state a claim under Title VII against the City of West Memphis and the City of Holly Springs, and those claims are DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

Moreover, the plaintiff cannot sue defendants Herenton, Godwin, Gray, Johnson, Paudert, Allen, Deberry, and Selman under Title VII. There is no remedy under Title VII against a co-worker or supervisor in his or her individual capacity. Wathen v. General Electric Co., 115 F.3d 400, 405 (6th Cir. 1997). Likewise, the plaintiff cannot sue his estranged wife, Katrina Hayes, under Title VII because she is not his "employer." The Title VII claims against each of the individual defendants are, therefore, DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

13

The complaint also does not assert a claim pursuant to 42 U.S.C. § 1981 against defendants Johnson, Paudert, Allen, the City of West Memphis, Deberry, Selman, and the City of Holly Springs.[7] Because the complaint alleges that reasons other than the plaintiff's race accounted for the decisions not to hire him for position in West Memphis and Holly Springs, the Court DISMISSES the § 1981 claim with respect to these defendants, pursuant to 42 U.S.C. § 1981, for failure to state a claim. Similarly, the complaint also does not allege that the plaintiff's face had any role in the decision by defendant Katrina Hayes to obtain an order of protection on the plaintiff. Accordingly, the Court DISMISSES the § 1981 claim against defendant Katrina Hayes, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

Plaintiff also cannot sue defendants Johnson, Paudert, Allen, the City of West Memphis, Deberry, Selman, and the City of Holly Springs pursuant to 42 U.S.C. § 1985(3), which prohibits a conspiracy "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws."

> [I]n order to state a cause of action under § 1985, the plaintiff must allege that the defendants (1) conspired together, (2) for the purpose of depriving, directly or

---

[7]     Section 1981(a) provides as follows: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

14

indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) and that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.

Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999).

As previously mentioned in connection with plaintiff's § 1981 claim, the complaint, even construed liberally, does not allege that these defendants sought to deprive the plaintiff of the equal protection of the laws or that they were motivated by racial, or other class-based, invidiously discriminatory animus.

Moreover, plaintiff also cannot maintain an action pursuant to § 1985(3) action against defendants Johnson, Paudert, Allen, the City of West Memphis, Deberry, Selman, and the City of Holly Springs based on a retaliation theory. In Great Am. Fed. Savings & Loan Ass'n v. Novotny, 442 U.S. 366, 378 (1979), the Supreme Court held that "deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3)." Subsequently, in Day v. Wayne County Bd. of Auditors, 749 F.2d 1199, 1204 (6th Cir. 1984), the Sixth Circuit held, on the basis of Novotny, that "Title VII provides the exclusive remedy when the only § 1983 cause of action is based on a violation of Title VII." The plaintiff's retaliation claim arises from Title VII, rather than from the U.S. Constitution and, therefore, it is barred by Novotny and Day.

The Court therefore DISMISSES the § 1985(3) claim with respect to defendants Johnson, Paudert, Allen, the City of West

15

Memphis, Deberry, Selman, and the City of Holly Springs, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

To the extent the complaint purports to assert any other claims against defendants Johnson, Paudert, Allen, the City of West Memphis, Deberry, Selman, and the City of Holly Springs, it is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 8(a)(2) and 10(b).[8]

That leaves the claims against defendants Herenton, Godwin, Gray, and the City of Memphis, and the remaining claims against defendant Katrina Hayes. As a preliminary matter, the complaint contains no factual allegations about defendants Herenton and Godwin. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985). The complaint with respect to those defendants is DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

Second, the Title VII claims against defendants Herenton, Godwin, and Gray are DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), on the basis of Wathen. See supra p. 13.

---

[8]   If the plaintiff is contemplating the filing of an amended complaint to reassert any of the claims dismissed pursuant to Fed. R. Civ. P. 8(a)(1) and 10(b), he is cautioned that it is likely that there is no personal jurisdiction over these defendants in the Western District of Tennessee.

Third, the complaint does not assert a valid § 1985(3) claim against defendants Herenton, Godwin, Gray, the City of Memphis, and Katrina Hayes. "[I]n order to demonstrate the necessary conspiracy, a plaintiff must allege specific acts or means by which the defendants were alleged to have conspired." Bryant-Bruce v. Vanderbilt Univ., Inc., 974 F. Supp. 1127 (M.D. Tenn. 1997); see also Brooks v. American Broadcasting Cos., 932 F.2d 495 (6th Cir. 1991) (affirming denial of motion to amend to add § 1985 claim because "the allegations are too vague and conclusory to withstand a motion to dismiss"); Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir. 1984); Lindsey v. Allstate Ins. Co., 34 F. Supp.2d 636, 645 (W.D. Tenn. 1999); cf. Gutierrez v. Lynch, 826 F.2d 1524, 1538 (6th Cir. 1987) ("It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state . . . a claim."; dismissing § 1983 conspiracy claim).

In this case, the complaint fails to allege any specific facts indicating that these defendants conspired to violate the plaintiff's civil rights. In particular, the allegation that "the Memphis Police Department has conspired with Plaintiff's estranged wife to have him summoned for a false alleged protective order and also to Juvenile Court prior to have him incarcerated in efforts to prevent this suit from being filed," is a conclusory assertion that is not supported by any facts indicating that the City of Memphis had any role in persuading defendant Katrina Hayes to obtain an

17

order of protection against the plaintiff. Likewise, although the complaint alleges that the someone employed by the Memphis Police Department provided unfavorable references to the City of West Memphis and the City of Holly Springs, the complaint does not allege any facts that would permit a conclusion that the City of Memphis or any of its employees conspired with the City of West Memphis, the City of Holly Springs, or any employee of either municipality. The complaint also is devoid of allegations that would permit a conclusion that defendant Katrina Hayes had any involvement in the provision of unfavorable references to prospective employers of the plaintiff, the traffic stop of the plaintiff on February 1, 2005, or any other harassment of the plaintiff by the Memphis Police Department. The Court therefore DISMISSES the § 1985(3) claim with respect to defendants Herenton, Godwin, Gray, the City of Memphis, and Katrina Hayes, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

Although the complaint also asserts a claim pursuant to 42 U.S.C. § 1986 against defendants Herenton, Godwin, and the City of Memphis, any claim under 42 U.S.C. § 1986 is entirely derivative of a valid claim pursuant to 42 U.S.C. § 1985. Bass, 167 F.3d at 1051 n.5. Thus, the dismissal of the § 1985(3) claim mandates the dismissal of the § 1986 claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

18

Finally, to the extent the complaint can be construed as alleging any claim, not previously addressed, other than (i) a Title VII claim for race discrimination and retaliation against the City of Memphis based on the unfavorable references allegedly given to the City of West Memphis and the City of Holly Springs, and (ii) a § 1981 claim for race discrimination against defendants Gray and City of Memphis in connection with the February 1, 2005 traffic stop, it is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 8(a)(2) and 10(b).

## II.  Appointment of Counsel

The plaintiff has filed a motion seeking appointment of counsel. Two statutes authorize the district court to request or appoint counsel for an indigent Title VII plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[9] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th

---

[9]     However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and his ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[10] At this stage of the proceedings, before the Court has had the opportunity to assess the strength of plaintiff's case, the Court is unable to conclude that plaintiff has satisfied that standard. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel. Accordingly, the motion for appointment of counsel is DENIED.

III. Issuance of Process

It is ORDERED that the Clerk shall issue process for the remaining defendants, Gray and the City of Memphis, and deliver said process to the marshal for service. In addition to the summons

---

[10]   The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

and complaint, service on the defendants shall include a copy of this order. Service shall be made on the individual defendant pursuant to Fed. R. Civ. P. 4(e)(1) and Tenn. R. Civ. P. 4.04(1) & (10), either by mail or personally if mail service is not effective. Service shall be made on the City of Memphis pursuant to Fed. R. Civ. P. 4(j)(2) and Tenn. R. Civ. P. 40.4(8). All costs of service shall be advanced by the United States.

It is further ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for each defendant, or on any defendant that has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this __17th__ day of August, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

21

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in case 2:05-CV-02230 was distributed by fax, mail, or direct printing on August 18, 2005 to the parties listed.

Anthony D. Hayes
4554 Tammy Cove
Memphis, TN 38116--203

Honorable Bernice Donald
US DISTRICT COURT