IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG 17 PM 1: 40

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| ANTHONY D. HAYES, | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2230-D/V |
| CITY OF MEMPHIS, et al., | X | |
| Defendants. | X | |

ORDER DENYING PLAINTIFF'S MOTION
FOR INJUNCTION AND JUDICIAL ESTOPPEL

On May 31, 2005, plaintiff Anthony D. Hayes filed a document, entitled "Special Pleading for Injunction and Judicial Estoppel," which appears to seek some unspecified form of preliminary injunctive relief. In his motion, which purports to be brought pursuant to Fed. R. Civ. P. 9, plaintiff asserts that "the Defendants have conspired to prevent him from obtaining employment and has recently petitioned the State of Tennessee Private Protective Service Division to have his security license and weapons permit revoked to prevent him from obtaining work through private security agencies and prospective clients. 05/31/05 Motion at 1. The plaintiff has allegedly been incarcerated by the Shelby County Juvenile Court "three times since the months of March and April for contempt" due to his inability to pay child support as he is unemployed. Exhibit A to the motion is a May 4, 2005 revocation letter addressed to the plaintiff by the State of Tennessee

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  8-18-05

⑧

Department of Safety revoking his handgun carry permit because of an order of protection issued to the plaintiff's estranged wife, Katrina Hayes, on or about February 12, 2003.[1]

Although the motion invokes Fed. R. Civ. P. 9, that provision is entirely inapplicable here. Instead, the Court construes this motion as a motion for a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a).

The standard for issuance of a preliminary injunction in the Sixth Circuit is as follows:

> When determining whether to issue a preliminary injunction, a district court must consider four factors: "(1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction." . . . When considering these factors the district court should balance each factor against the others to arrive at its ultimate determination.

Marchwinski v. Howard, 309 F.3d 330, 332 (6th Cir. 2002) (citation omitted). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." Overstreet v. Lexington-Fayette Urban County Gov't, 305 F.3d 566, 573 (6th Cir. 2000) ("the proof required for the plaintiff to

---

[1] The relevance of the other documents submitted by the plaintiff along with this motion are unclear. Plaintiff apparently faxed documents to the Tennessee Department of Safety on May 9, 2005 documenting that an arrest on September 3, 2000 for unlawful possession of a weapon had been expunged. The Department of Safety wrote to plaintiff in a letter dated May 16, 2005 that this documentation was not relevant to the order of protection issued in 2003.

2

obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion").

In general, "[t]he strength of the likelihood of success on the merits that needs to be demonstrated is inversely proportional to the amount of irreparable harm that will be suffered if [an injunction] does not issue." <u>Baker v. Adams County/Ohio Valley School Bd.</u>, 310 F.3d 927, 928 (6th Cir. 2002) (per curiam) (stay of district court decision pending appeal).[2]

Plaintiff's motion is without merit for several reasons. The plaintiff has not submitted a proposed order detailing the scope of the injunctive relief he seeks.[3] He asks that "a permanent injunction be issued preventing the Defendants from physical harm and further calculated intimidation, injury, and incarceration unlawfully." 05/31/05 Motion at 2. He also "seeks a judicial estoppel of the Defendants egregious behavior of their continued process of giving bad references to prospective employers in order for the plaintiff to sustain a living which he has a constitutional right, but is hindered by the Defendants."

Plaintiff has not identified any specific action by any defendant that can readily be enjoined. The Tennessee Department of Safety and the Shelby County Juvenile Court are not parties to this

---

[2] At a minimum, however, "the defendant must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted if a stay is granted." <u>Id.</u>

[3] Pursuant to Local Rule 7.2(a)(1)(A), all motions are to be accompanied by a proposed order. In this case, plaintiff's failure to comply with the local rule requires the Court to speculate as to the precise nature of the relief sought by the plaintiff.

3

action. In addition, the revocation letter suggests that the 2003 order of protection was issued by the Shelby County Sheriff's Office, which is also not a party. Therefore, this Court is unable to consider the merits of the plaintiff's motion in the absence of a proposed order.

Moreover, the scope of the relief plaintiff apparently seeks exceeds the scope of the original complaint (and plainly exceeds the scope of the claims remaining after the screening order). The complaint does not involve the contempt actions filed against the plaintiff in the Shelby County Juvenile Court for nonpayment of child support. Moreover, the plaintiff's estranged wife, Katrina Hayes, has been dismissed as a party to this action.

The plaintiff is also not entitled to a preliminary injunction prohibiting the Memphis Police Department from violating the neutral-reference provision of its settlement agreement with the plaintiff. As a preliminary matter, at this stage of the litigation, the Court has no means of assessing the plaintiff's likelihood of success on the merits.[4]

Moreover, the plaintiff cannot demonstrate irreparable injury as a matter of law. "Although the four factors must be balanced, the demonstration of some irreparable injury is a sine qua non for issuance of the injunction." Patio Enclosures, Inc. v.

---

[4] The Court notes, however, that the plaintiff did not prevail in lawsuits filed in the Shelby County Circuit Court in 1999 or in case no. 00-2560-Ml/A (W.D. Tenn.), in which he contended that the City of Memphis breached that provision of the settlement agreement. The Court recognizes that the previous judgments for the City of Memphis do not preclude the possibility that, in the instances alleged in the complaint, the City of Memphis failed to provide neutral references.

4

Herbst, 39 Fed. Appx. 964, 967 (6th Cir. July 10, 2002); see also Friendship Materials, Inc. v. Michigan Brick, Inc., 679 F.2d 100, 102-03 (6th Cir. 1982) ("[T]his court has never held that a preliminary injunction may be granted without any showing that the plaintiff would suffer irreparable injury without such relief. Despite the overall flexibility of the test for preliminary injunctive relief, and the discretion vested in the district court, equity has traditionally required such irreparable harm before an interlocutory injunction may be issued.").

"A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." Overstreet, 305 F.3d at 578. Applying this standard, courts have denied preliminary injunctions to protect employees from the loss of their positions, reasoning that the loss of income is fully compensable by money damages. Id. at 579. ("The fact that an individual may lose his income for some extended period of time does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages" (collecting cases). In this case, the injury to the plaintiff is limited to the financial distress attendant upon a significant period of unemployment and the depletion of the settlement proceeds. Under these circumstances, he is not entitled to a preliminary injunction. See Hayes v. City of Memphis, 73 Fed. Appx. 140, 141 (6th Cir. Aug. 8, 2003) ("Haye's alleged injury is fully compensable by monetary relief and is, therefore, not irreparable.").

5

For all the foregoing reasons, plaintiff's motion for a preliminary injunction is DENIED.

A decision denying a preliminary injunction is an appealable order. Overstreet, 305 F.3d at 572. Accordingly, the final issue to be addressed is whether the plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to deny plaintiff's motion for a preliminary injunction and judicial estoppel also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United States Postal Serv., 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by the plaintiff in this case.

If plaintiff files a notice of appeal, he must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal.

By filing a notice of appeal, the plaintiff becomes liable for the full amount of the filing fee, regardless of the

6

subsequent progress of the appeal. If the plaintiff fails to comply with the above assessment of the appellate filing fee within thirty days of the filing of the notice of appeal, the district court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. McGore, 113 F.3d at 610.

    IT IS SO ORDERED this  17th  day of August, 2005.

                                              BERNICE B. DONALD
                                              UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 8 in case 2:05-CV-02230 was distributed by fax, mail, or direct printing on August 18, 2005 to the parties listed.

---

Anthony D. Hayes
4554 Tammy Cove
Memphis, TN 38116--203

Honorable Bernice Donald
US DISTRICT COURT