IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ANTHONY D. HAYES,

      Plaintiff,

v.                                    No. 05-2230 DV

CITY OF MEMPHIS POLICE DEPARTMENT,
MAYOR W. W. HERENTON, DIRECTOR
LARRY GODWIN, P/O GRAY IBM#10590, CITY OF
WEST MEMPHIS, AR, POLICE DEPARTMENT,
MAYOR WILLIAM JOHNSON, CHIEF ROBERT
PAUDERT, ASST. CHIEF MIKE ALLEN, CITY OF
HOLLY SPRINGS, MS, POLICE DEPARTMENT,
MAYOR ANDRE DEBERRY, CHIEF PATRICIA
SELMAN, KATRINA I. HAYES,

      Defendants.

## ORDER GRANTING DEFENDANT CITY OF MEMPHIS' MOTION FOR SUMMARY JUDGMENT AND GRANTING OFFICER BILLY GRAY'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant City of Memphis' ("City") Motion for Summary Judgment filed on February 6, 2006. Also before this Court is Defendant Officer Billy Gray's ("Officer Gray") Motion for Summary Judgment filed on February 9, 2006. Plaintiff has not responded to either Motion in spite of the Court granting the Plaintiff an additional 60 days within which to respond to the Defendants' Motions (Docket No. 20). Additionally, Plaintiff has not responded to this Court's Show Cause Order entered on August 24, 2006, giving the Plaintiff until September 13, 2006, to show cause why the Defendants' Motions for Summary Judgment should not be granted. For the following reasons, the Court grants Defendant City's Motion for Summary Judgment and Defendant Officer Gray's Motion for Summary Judgment.

## I.     PROCEDURAL BACKGROUND

On March 28, 2005, Plaintiff Anthony D. Hayes ("Hayes" or "Plaintiff") filed this action against Defendants City, Mayor W.W. Herenton, Director Larry Godwin, Officer Gray, the City of West Memphis, Arkansas Police Department ("WMPD"), Mayor William Johnson, Chief Robert Paudert, Assistant Chief Mike Allen, the City of Holly Springs, Mississippi Police Department ("HSPD"), Mayor Andre Deberry, Chief Patricia Selman, and Katrina I. Hayes asserting numerous claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §§ 1981, 1985, and 1986.  In its Order dated August 17, 2005, this Court dismissed all of Plaintiff's claims except for his claims pursuant to Title VII for race discrimination and retaliation against the City based upon the unfavorable references allegedly given to the City of West Memphis and the City of Holly Springs by the City, and his claim of race discrimination pursuant to 42 U.S.C. § 1981 against the City and Officer Gray in connection with a February 1, 2005 traffic stop.  The City and Officer Gray have now moved for summary judgment on these claims.

## II.    FACTUAL BACKGROUND

The following facts are undisputed.

### A.     Resolution of Prior Litigation Between Plaintiff and the City

Plaintiff is a former City of Memphis police officer.  On January 20, 1999, the City and Plaintiff entered into a Mutual General Release and Settlement Agreement ("Settlement Agreement") to resolve prior actions brought by Plaintiff against the City.  As a part of the Settlement Agreement, the City agreed to provide a neutral reference to prospective employers of

Plaintiff when such an inquiry is made.  Since entering into the Settlement Agreement, Plaintiff has filed numerous other lawsuits against the City in federal and state court.[1]

### B.      Plaintiff's Application for Employment with the West Memphis Police Department

Plaintiff submitted an application for a patrolman position with the West Memphis Police Department ("WMPD") on August 22, 2003.  Plaintiff was interviewed by the WMPD on October 17, 2003.  A background check ran by the WMPD revealed that Plaintiff had an Order of Protection entered against him by Shelby County General Sessions Judge Rhonda Harris.  Because federal law 18 U.S.C. § 922(g)(9) makes it unlawful for any person who is subject to an Order of Protection to possess any firearm or ammunition, Plaintiff was legally prohibited from carrying a firearm or ammunition, which is an essential function of the patrolman position.

As a result of the Order of Protection, the review of Plaintiff's application for employment with the WMPD was terminated and he was not offered a job.  Plaintiff was advised by letter dated November 14, 2003, that because the background investigation revealed the existence of the Order of Protection and that federal law prohibited his receiving or possessing a firearm, he would not be hired as a WMPD Patrolman.  In the letter to Plaintiff dated November 14, 2003, the WMPD invited Plaintiff to reapply should he resolve the Order of Protection.  Plaintiff has not reapplied for the patrolman position or any other position with the WMPD.

---

[1] On October 18, 1999, Plaintiff filed suit against the City in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, alleging that the City breached the neutral reference provision in the Settlement Agreement.  The case proceeded to trial on June 26, 2002, and judgment was entered in favor of the City on July 2, 2002.  On June 27, 2000, Plaintiff filed a suit against the City and others alleging, *inter alia*, that the City breached the neutral reference provision of the Settlement Agreement thus preventing Plaintiff from obtaining employment.  The district court granted summary judgment in favor of the City and the court of appeals affirmed.  *Hayes v. City of Memphis, et al.*, 108 Fed. Appx. 262 (6th Cir. 2004).  On August 31, 2001, Plaintiff filed an action against the City in the United States District Court . . . asserting that he was arrested and charged with a misdemeanor in retaliation for his previous protected activity.  On September 1, 2001, the district court dismissed his case.  *Hayes v. City of Memphis, et al.*, No. 01-2695-G/A (W.D. Tenn. 2001).

Because the review of Plaintiff's application was terminated at the conclusion of the background investigation, his application never reached the stage where references would have normally been checked.  Thus, the WMPD did not contact the City or anyone at the City's Police Services Division for a reference on Plaintiff.

### C.  Plaintiff's Application for Employment with the Holly Springs Police Department

Plaintiff submitted an application for a patrolman position with the Holly Springs Police Department ("HSPD") on June 18, 2004.  Plaintiff was interviewed on July 15, 2004.  Plaintiff's application was never processed beyond this interview stage.  Because Plaintiff's application was never processed beyond the interview stage, the City was never contacted by the HSPD for a reference for Plaintiff.

### D.  Plaintiff's Charges to the EEOC

On November 29, 2004, Plaintiff filed Charge No. 250-2005-00721 with the EEOC alleging that the City had failed to hire him as a police officer[2] and that it had given him unfavorable references in retaliation for filing previous and pending lawsuits against the City.  On February 16, 2005, the EEOC issued a Dismissal and Notice of Rights with regard to Charge No. 250-2005-00721.

### E.  February 1, 2005 Traffic Stop

Defendant Officer Gray ("Officer Gray") had no knowledge of Plaintiff prior to this lawsuit and has no specific recollection of stopping a vehicle driven by Plaintiff.  However, at approximately 19:45 on February 1, 2005, Officer Gray stopped a vehicle driven by a male black at the intersection of Finely and Graceland.  It was (and is) Officer Gray's custom and habit when making a traffic stop to do so only when probable cause exists to believe that a traffic offense has

---

[2] The Court has already dismissed any failure to hire claim against the City.  8/17/05 Order of Partial Dismissal pg. 19 (Docket No. 7).

occurred.  Officer Gray did not stop Plaintiff because of his race (black).  Officer Gray was not directed by any employee of the City or any other person to stop Plaintiff on February 1, 2005.

III.    **SUMMARY JUDGMENT STANDARD**

"Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Farmer v. Cleveland Public Power*, 295 F.3d 593, 599 (6th Cir. 2002) (citing Fed. R. Civ. P.56(c)).  "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The party bringing the motion for summary judgment need only demonstrate the "absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "Where the defendant demonstrates that . . . the plaintiff is unable to produce sufficient evidence . . . to support an essential element of his or her case, summary judgment should be granted." *Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992). Moreover, when a motion for summary judgment is made and supported in accordance with Rule 56, the Plaintiff may not rest upon the mere allegations of his complaint.  Plaintiff must set forth specific facts, by affidavit or as otherwise provided in Rule 56, showing that there is a genuine issue for trial. (Fed. R. Civ. Pro. 56(e)).  Plaintiff has not set forth any such facts.  Personal beliefs, conjecture, rumors, speculation, and conclusory assertions do not create a genuine issue of fact.  *Mitchell*, 964 F.2d at 584-85.  Accordingly, as discussed below, Plaintiff has not shown that there is a genuine issue as to any material fact and the Defendants are entitled to a judgment as a matter of law.

IV.     **ANALYSIS**

A.      **Plaintiff's Claim for Race Discrimination Pursuant to Title VII**

Plaintiff alleges race discrimination against the City under Title VII based on alleged unfavorable references given to the WMPD and the HSPD.  For federal courts to have subject matter jurisdiction over Title VII claims, the claimant must first unsuccessfully pursue administrative relief.  *Love v. Pullman Co.,* 404 U.S. 522 (1972). Courts have held that if a plaintiff did not first present a claim to the Equal Employment Opportunities Commission, that claim may not be brought before the federal courts. *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 545 (6th Cir. 1991) (citing *Lowe v. City of Monrovia,* 775 F.2d 998, 1003 (9th Cir.1985), *amended,* 784 F.2d 1407 (9th Cir.1986); *Jackson v. Ohio Bell Telephone Co.,* 555 F.Supp. 80 (S.D. Ohio 1982)).  On November 29, 2004, Plaintiff filed a charge with the EEOC alleging that the City did not hire him as a police officer and gave him unfavorable references in retaliation for filing previous and pending lawsuits against the City.  Plaintiff did not allege in his Charge that the City had taken such discriminatory actions because of his race.  Accordingly, Plaintiff is precluded from bringing such a complaint before this Court and his claim for race discrimination pursuant to Title VII is dismissed.

B.      **Title VII Claims**

1.      **Race Discrimination**

Even if this Court had subject matter jurisdiction to decide Plaintiff's claim for race discrimination pursuant to Title VII against the City, Plaintiff cannot prove the elements of a prima facie case necessary to establish such a claim.  To establish a prima facie case of race discrimination under Title VII, Plaintiff must show that (1) he is a member of a protected class; (2) that he was qualified for the job; (3) that he suffered an adverse employment action; and (4)

that he was treated less favorably than a similarly situated individual outside his protected class.[3] *Logan v. Denny's Inc.*, 259 F.3d 558 (6th Cir. 2001) (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992)).  Plaintiff has no proof that the City took any adverse employment action against him and thus, cannot prove the third element of a prima facie case of race discrimination.

Plaintiff alleges in his Complaint that the City discriminated against him on the basis of his race by providing non-neutral job references to the WMPD and the HSPD, in violation of the Settlement Agreement entered into by the City and Plaintiff.  (Compl. Causes of Action ¶ 1).[4] However, Plaintiff offers no proof that the City gave a non-neutral reference to the WMPD or to the HSPD.  Plaintiff merely contends that because he was not offered a position with the WMPD and because a HSPD Detective asked Plaintiff about his employment history with the City, then the City must have given a non-neutral job reference to each of these potential employers. (Compl. Facts ¶7-8).[5]  In fact, the City was never contacted by the WMPD or the HSPD to provide a job reference for Plaintiff and thus, did not provide a job reference of any kind to either the WMPD or the HSPD.  (Decl. of M. Allen ¶ 10; Decl. of P. Selman ¶ 6).  Plaintiff cannot

---

[3] Plaintiff could have alternatively established his prima facie case by presenting credible direct evidence of discriminatory intent.  *See Terbovitz v. Fiscal Court of Adair County,* 825 F.2d 111 (6th Cir.1987). However, he has not presented any such evidence, and therefore it is proper to proceed with application of the *McDonnell Douglas/Burdine* formula.  *See Ross v. City of Memphis*, 394 F. Supp.2d 1024, 1034 (W.D. Tenn. 2005).

[4] The Causes of Action section of Plaintiff's Complaint will be cited herein as (Compl. Causes of Action ¶___).

[5] Plaintiff does allege in his Complaint that that sometime after October 11, 2004, he was advised by Assistant Chief Allen of the WMPD that he would not be offered a position as police officer because he had a bad reference.  (Compl. Facts ¶7).  However, Plaintiff cannot rely on testimony containing inadmissible hearsay to meet his burden.  Fed. R. Civ. P. 56(e); *Mitchell v. Toledo Hospital*, 964 F.2d 577, 584-85 (6th Cir. 1992); *Tinsley v. General Motors Corp.*, 227 F.3d 700, 703 (6th Cir. 2000); *see also Meredith v. Vanderbilt University Med. Center*, 2002 WL 857704, at * 1 (6th Cir. May 3, 2002) (finding plaintiff's claim based solely on her own self-serving statement, which constituted inadmissible hearsay, and holding defendant entitled to judgment as a matter of law).  Personal beliefs, conjecture, rumors, speculation, and conclusory assertions do not create a genuine issue of fact either.  *Mitchell*, 964 F.2d at 584-85.

prove that the City took any adverse employment action against him.  Accordingly, the City is entitled to judgment as a matter of law on Plaintiff's race discrimination claim, and this claim is dismissed.

### 2.      Retaliation

Plaintiff's Complaint also alleges that the City retaliated against him in violation of Title VII by providing non-neutral job references to the WMPD and the HSPD.  (Compl. Causes of Action ¶ 1).  To establish a prima facie case of retaliation, Plaintiff must prove that:  (1) he engaged in protected activity, (2) the exercise of his civil rights was known to the City, (3) thereafter, the City took a materially adverse action to Plaintiff, and (4) there was a causal connection between the protected activity and the materially adverse action.  *Nguyen v. City of Cleveland*, 229 F.3d 559 (6th Cir. 2000); *Burlington Northern & Santa Fe Railway Co. v. White*, 126 S.Ct. 2405, 2415 (2006).

As discussed above, Plaintiff cannot prove that the City took any materially adverse action against him.  Plaintiff merely contends that because he was not offered a position with the WMPD and because a HSPD Detective asked him about his employment history with the City, then the City must have given a non-neutral job reference to each of these potential employers. (Compl. Facts ¶¶7-8).   However, the City never provided a non-neutral job reference to the WMPD or the HSPD as neither employer ever contacted the City to provide a job reference for Plaintiff.  (Decl. of M. Allen ¶  10; Decl. of P. Selman ¶ 6).  Plaintiff cannot prove the third element of a prima facie case of retaliation.  Accordingly, the City is entitled to judgment as a matter of law on Plaintiff's retaliation claim, and this claim is dismissed.

### C.      Plaintiff's 42 U.S.C. Section 1981 Claim

Plaintiff alleges race discrimination against the City and Officer Gray based on the February 1, 2005 traffic stop.  Plaintiff cannot state a claim against the City pursuant to 42 U.S.C. § 1981 as he has no direct remedy against a state actor under that statute.   "[T]he 'express action at law' provided by §1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by §1981 when the claim is pressed against a state actor." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989).  As such, Plaintiff's § 1981 claim must be dismissed.

Nevertheless, even if § 1981 did provide Plaintiff with a remedy for the alleged discriminatory actions taken by the City and Officer Gray, Plaintiff still fails to state a claim upon which relief can be granted.  To establish a claim of race discrimination under §1981, Plaintiff must show that (1) he is a member of a racial minority, (2) the City and Officer Gray acted with an intent to discriminate against him on the basis of his race, and (3) that the City's and Officer Gray's race discrimination concerned one or more of the protected activities enumerated in §1981(a).[6]  *Cunningham v. Sisk*, 2005 WL 1285649, *4 (6th Cir. 2005)(citing *Morris v. Office Max, Inc.,* 89 F.3d 411, 413 (7th Cir.1996)).   Plaintiff's pleadings are insufficient to state a claim of race discrimination under §1981.

Nowhere in his Complaint does Plaintiff allege that he is a member of a racial minority.  Failure to include such an allegation in the Complaint is fatal to a § 1981 claim. *See Littlejohn v.*

---

[6] Section 1981(a) provides in its entirety:
  All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and actions of every kind, and to no other.

*McCafferty*, 83 Fed. Appx. 705, 707 (6th Cir. 2003) (affirming the district court's ruling "that the complaint did not state a § 1981 claim because there was no allegation that plaintiffs are members of, or are associated with, a racial minority."). This reason alone is sufficient to dismiss Plaintiff's § 1981 claim.

Further, Plaintiff does not allege that the City or Officer Gray intentionally discriminated against him because of his race. Plaintiff merely alleges in his Complaint that Officer Gray, IBM # 10590, stopped him on February 1, 2005 without probable cause. (Compl. Facts ¶ 9-11). Though courts have found that racially motivated arrests and searches made in the absence of probable cause come within the third element of a prima facie case because they fall within the "equal benefits" and "like punishments" clauses of § 1981(a), (s*ee, e.g., Alexis v. McDonald's Restaurants of Mass., Inc.,* 67 F.3d 341, 348 (1st Cir. 1995); *Mahone v. Waddle,* 564 F.2d 1018, 1028 (3d Cir. 1977)), Plaintiff has not alleged that Officer Gray took such actions because of his race. As a result, Plaintiff cannot state a claim for race discrimination pursuant to § 1981.

Even if Plaintiff had alleged in his Complaint that he was a member of a racial minority and that he was intentionally stopped by Officer Gray on February 1, 2005 because of his race, Plaintiff cannot meet the high threshold of proof required by §1981. *See Chapman v. Higbee Co*., 319 F.3d 825, 833 (6th Cir. 2003) ("to prevail section 1981, a litigant must prove intentional discrimination, which involves a high threshold of proof"). Plaintiff has not offered any proof that the City or Officer Gray intentionally treated him different than any non-minority citizen because of his race and therefore, cannot establish the second element of his prima facie case. *Cunningham*, 2005 WL 1285649 at *4. Officer Gray had no knowledge of Plaintiff prior to this lawsuit and has no specific recollection of stopping a vehicle driven by Plaintiff. (Aff. Gray ¶¶ 5, 10). However, at approximately 19:45 on February 1, 2005, Officer Gray stopped a vehicle

driven by a male black at the intersection of Finely and Graceland. (Aff. Gray ¶ 5).  It is Officer

Gray's custom and habit to make traffic stops only when there is probable cause to believe that a

traffic offense has occurred.  (Aff. Gray ¶ 8).  Officer Gray did not intentionally stop the vehicle

on February 1, 2005 because of the driver's race.  (Aff. Gray ¶ 9).  Moreover, Officer Gray was

not directed by any employee of the City or any other person to make the stop at 19:45 on

February 1, 2005. (Aff. Gray ¶ 11).    Officer Gray did not act with intent to discriminate against

Plaintiff on the basis of his race.    Thus, Plaintiff cannot prove the second element of a prima

facie case under §1981.

Accordingly, based on all of the reasons cited above, the City's and Officer Gray's

Motions for Summary Judgment as to Plaintiff's §1981 claims are granted.

## V.    CONCLUSION

For all of the reasons set forth above, the City's Motion for Summary Judgment is

granted.  Likewise, Officer Gray's Motion for Summary Judgment is granted.


s/Bernice B. Donald
Bernice B. Donald
United States District Judge

DATE:  October 6, 2006